**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1532**

TRUE HOMES LLC,

Plaintiff - Appellant,

v.

CMH MANUFACTURING, INC.; CMH HOMES, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Kenneth D. Bell, District Judge. (3:18-cv-00345-KDB-DCK)

Submitted: November 8, 2022                    Decided: November 21, 2022

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Albert P. Allan, ALLAN LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant. John C. Neiman, Jr., Thomas W. Thagard, III, James C. Lester, C. William Courtney, MAYNARD COOPER & GALE P.C., Birmingham, Alabama; Anne M. Tompkins, CADWALADER, WICKERSHAM & TAFT LLP, Charlotte, North Carolina; Scott S. Brown, MIXON FIRM, LLC, Birmingham, Alabama, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

True Homes, LLC ("True Homes") appeals after a jury found Defendants CMH Manufacturing, Inc., and CMH Homes, Inc., not liable for infringing True Homes' registered trademark. At issue on appeal is a narrow evidentiary question concerning Defendants' alleged use of inadmissible hearsay at trial. Finding no error, we affirm.

"We review a trial court's ruling on the admissibility of evidence for abuse of discretion." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021). Hearsay is a statement that (1) is not made "at the current trial or hearing" and (2) is "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Unless an exception applies, hearsay is inadmissible. Fed. R. Evid. 802.

To illustrate the weakness of True Homes' mark—"TRUE HOMES"—Defendants introduced nearly two dozen printouts of websites for companies using either "Tru" or "True" in their names. On appeal, True Homes contends that this evidence was hearsay. But Defendants did not present the printouts to establish the truth of any statements made on the websites. Rather, Defendants introduced the website evidence merely to show the existence of other companies using "Tru" or "True." Doing so did not implicate the rule against hearsay. *See Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137 (4th Cir. 2000) ("[T]o the extent that [the alleged infringer] relied on the fact that [the allegedly infringed mark] was used or 'listed' in public advertising or other media, the evidence was not presented for its truth but for the fact that it was so listed.").

2

According, we affirm the district court's judgment.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* True Homes' only other argument concerns a discovery order, entered by the magistrate judge, regarding evidence that True Homes might have used to establish damages. Because True Homes did not prevail on the question of liability, any issue relating to damages is now academic. And, in any event, True Homes waived its right to appellate review of this issue by neglecting to file objections to the magistrate judge's ruling. *Kitlinski v. U.S. Dep't of Justice*, 994 F.3d 224, 233 (4th Cir. 2021), *cert. denied* 142 S. Ct. 778 (2022).